THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE L. JACKSON )
)
Plaintiff, )
) Case No. 04 C 7021
vs. )
)
MICHAEL F. SHEAHAN, Sheriff, COUNTY )
OF COOK, Illinois; CALLIE L. BAIRD; and ) Judge Andersen
RASHANDA CARROLL, )
)
Defendants. )

## NOTICE OF MOTION

Lawrence L. Jackson
7465 S. South Shore Drive #213
Chicago, Illinois 60649

**PLEASE TAKE NOTICE** that on January 20, 2005 at 9:30 a.m or as soon after as counsel may be heard, I shall appear before the Honorable Judge Andersen, or any judge sitting in his stead at the U.S. Courthouse, 219 South Dearborn, Chicago Illinois, and present for hearing the attached motion, a copy having been served upon you.

By:

Gregory Vaci
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603 – 3369

## CERTIFICATE OF SERVICE

I, Gregory Vaci, Assistant State's Attorney, hereby certify that I served an exact copy of the above notice and by mail to the persons named above by placing said document in the U.S. Post Office mailbox at the Daley Center before 5:00 p.m. on December 11, 2005.

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED JAN 11 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED JAN 12 2005

LAWRENCE L. JACKSON )
                            Plaintiff, )
                            ) Case No. 04 C 7021
vs. )
                            )
MICHAEL F. SHEAHAN, Sheriff, COUNTY )
OF COOK, Illinois; CALLIE L. BAIRD; and ) Judge Andersen
RASHANDA CARROLL, )
                            )
                         Defendants. )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, MICHAEL F. SHEAHAN, Sheriff of Cook County, Callie Baird, and Rashanda Carroll, through their attorney RICHARD A. DEVINE, by his assistants, Maureen Feerick and Gregory Vaci, and respectfully submit this Memorandum in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On November 18, 2004, plaintiff filed a Complaint in the United States District Court, suing Michael F. Sheahan, Sheriff of Cook County, in his official capacity, Callie Baird, in her official capacity, and Rashanda Carroll, in her individual capacity, for alleged violations of Section 1981 and 1983. Defendants now move to dismiss all counts of plaintiff's Complaint.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a claim if as a matter of law there is no set of facts the plaintiff could prove consistent with the pleadings that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct 2229 (1984).

1

7

When considering a motion to dismiss, a court must accept the plaintiff's allegations as true, and view them, along with any reasonable inferences drawn from them, in the light most reasonable to the plaintiff. *Hishon*, 467 U.S. at 73; *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728 (7th Cir. 1994). Further, a court should avoid straining to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445 (7th Cir. 1977). Thus, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Wright v. Glover*, 778 F.Supp. 418, 419 (N.D. Ill. 1991). Although Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff's complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a plaintiff may plead herself out of court." *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995).

## ARGUMENT

### Count I: §1983 claim against defendant Sheahan in his official capacity should be dismissed

To state a claim under Section 1983, a plaintiff must allege two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Plaintiff alleges that the conduct complained of was committed by persons acting under color of state law, but fails to allege that the complained of conduct deprived him of a constitutional right. In Count I, plaintiff brings a claim for "Retaliation and Unlawful Discharge." Plaintiff does not plead a cause of action, nor does he plead a factual basis that would support a claim of retaliation for exercising First Amendment rights, a violation of the Equal Protection Clause of the Fourteenth Amendment, or any other

2

constitutional violation. Therefore, Count I as it is currently plead should be dismissed.

Even where a constitutional violation is properly pled, a local government entity may not be held liable under Section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Government bodies can only be sued where constitutional deprivations occur pursuant to an official governmental policy or custom. *Id.* There are three recognized contexts where a municipality or other local governing body can be sued under Section 1983: (1) for an express policy that, when enforced, causes a constitutional deprivation; (2) for a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) for an allegation that the constitutional injury was caused by a person with final policymaking authority. *Baxter v. Vigo County School Corporation*, 26 F.3d 728, 734-35 (7th Cir.1994). In other words, there must be an "affirmative link" between the municipal policy, practice or custom and the alleged statutory violation. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427 (1985).

The Supreme Court has made it clear that there is no heightened pleading requirement for Section 1983 claims. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160 (1993). The federal system of notice pleading applies to Section 1983 claims and plaintiffs alleging a municipal policy or custom are not required to give detailed facts in support of their claims. *Id.* However, the Seventh Circuit has repeatedly held that "boilerplate allegations of a municipal policy entirely lacking in any factual support that a policy exists are insufficient." *Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999) (quoting *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). To state a claim

3

under *Monell*, a plaintiff must "allege a specific pattern or series of incidents that support the general allegation of a custom or policy." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986). Plaintiff does not claim that the Sheriff's Office has an express policy resulting in the deprivation of any Constitutional right. Further, plaintiff has not sufficiently plead the existence of a widespread practice of Constitutional deprivation or that any individual with policymaking authority caused a Constitutional deprivation. For these reasons, Count I should be dismissed.

**Count II: §1981 claim against defendant Sheahan in his official capacity should be dismissed**

Count II should be dismissed because Section 1981 requires the same allegation of express policy as 1983, which is not present here. A plaintiff may not recover against a government entity under Section 1981 based on a *respondeat superior* theory. *Smith v. Chicago School Reform Board of Trustees,* 165 F.3d 1142, 1148 (7th Cir. 1999). As is required by Section 1983, he must prove that the alleged violation of his right to employment opportunities was caused by an official policy, pattern or practice. *Monell v. New York Dep't of Social Serv.,* 436 U.S. 658 (1978).

Section 1981 prohibits all racial discrimination with respect to making and enforcing contracts. 42 U.S.C. § 1981. The Civil Rights Act of 1991 amended Section 1981 to include contract performance as well as formation. *Id.* However, even as amended, Section 1981 continues to center on the protection of contractual rights. *Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025, 1034 (7th Cir. 1998). Plaintiff has not pled that Sheahan violated his contractual rights due to plaintiff's race but instead pleads retaliation based on the filing of an EEOC charge. While this pleading may satisfy the requirements set forth by other federal laws, it is insufficient to state a claim under Section 1981 and should be dismissed.

4

### Count III: §1983 claim against defendant Sheahan in his official capacity should be dismissed

Count III is redundant and should be dismissed for those reasons set forth in the argument regarding dismissal of Count I.

### Count IV: §1981 claim against defendant Sheahan in his official capacity should be dismissed

Count IV is redundant and should be dismissed for those reasons set forth in the argument regarding dismissal of Count II.

### Count V: §1983 claim against defendant Baird in her official capacity should be dismissed

With respect to plaintiff's claims against Callie Baird in her official capacity, a suit against a public official in his "official capacity" is a suit against the entity of which that official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). In the instant case, plaintiff has made claims against Michael Sheahan in his official capacity as Sheriff of Cook County. Therefore, the Court should dismiss the official capacity claims against Callie Baird in Count V because they are duplicative of the claims made against the Sheriff's Department in the action against Michael Sheahan.

### Count VI: §1981 claim against defendant Baird in her official capacity should be dismissed

With respect to plaintiff's claims against Callie Baird in her official capacity, a suit against a public official in his "official capacity" is a suit against the entity of which that official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) In the instant case, plaintiff has made claims against Michael Sheahan in his official capacity as Sheriff of Cook County. Therefore, the Court should dismiss the official capacity claims against Callie Baird in Count VI because they are duplicative of the claims made against the Sheriff's Department in the action against Michael Sheahan.

### Count VII: §1983 claim against defendant Carroll, individually, should be dismissed

As previously argued herein regarding Count I, plaintiff fails to allege that the complained of conduct deprived him of a constitutional right. In Count VII, plaintiff brings a claim for "Retaliation and Unlawful Discharge" under Section 1983 against Rashanda Carroll. As in Count I against Michael Sheahan, plaintiff does not plead a cause of action or any factual basis under the First Amendment or the Equal Protection Clause of the Fourteenth Amendment and Count VII, as it is currently plead, should be dismissed.

Liability under Section 1983 requires proof that the defendants were acting under color of state law and that the defendants' conduct violated the plaintiffs' rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lanigan v. Vill. Of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997); *Farmer v. Brennan*, 114 S.Ct. 1873 (1994). An individual cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A "causal connection, or an affirmative link" must exist between the deprivation and defendant's conduct. *Id.*; *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). "An official satisfies the personal responsibility requirement of section 1983 if he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the deprivation occurs at her direction or with her knowledge and consent." *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff has not alleged any facts that could establish a Section 1983 violation by defendant Carroll, and therefore, Count VII should be dismissed.

### Count VIII: §1981 claim against defendant Carroll, individually, should be dismissed

In order to establish a *prima facie* case of discrimination under Section 1981, a plaintiff must

show (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; (3) the discrimination interfered with a protected activity as recognized under Section 1981(i.e., make and enforce contracts, sue and be sued, or give evidence). *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). The Court should dismiss Count VII because plaintiff has failed to plead a prima facie case of race discrimination under Section 1981. *See Behnia v. Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997) (individual liability can be found only where the individual himself has participated in the alleged discrimination against the plaintiff). Plaintiff has not alleged any specific acts by Carroll that support his allegations that he was discriminated against because of his race. *See id* (plaintiff must sufficiently allege that the defendant himself possessed an "intent to discriminate on the basis of race"). To the contrary, plaintiff specifically alleges that Carroll retaliated against him for filing an EEOC complaint. While this allegation may be sufficient to support a claim under other federal laws, it is insufficient to support a claim under Section 1981. Count VIII should be dismissed.

**Plaintiff alleges facts that eliminate his claims under § 1983 and § 1981**

Although Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff's complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a plaintiff may plead herself out of court." *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995). In his Complaint, plaintiff pleads himself out of his Section 1983 and Section 1981 claims against defendants Sheahan and Carroll. In paragraphs 18-27, plaintiff makes assertions wherein he admits that he did have contact with a detainee in the Cook County Jail who was a member of his family. This admission constitutes a concession by plaintiff that there was a bias neutral basis for bringing misconduct charges against him, charges that ultimately resulted in

his discharge subject to a grievance proceeding that he admits he has pursued.

**Defendant Rashonda Carroll is entitled to qualified immunity**

Qualified immunity is an affirmative defense, which may be raised in a motion to dismiss where the court accepts the facts alleged in the complaint as true. *Lanigan v. Vill. Of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997). Pursuant to the defense of qualified immunity, "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lanigan* at 471-72 (quoting *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is clearly established when its contours are sufficiently clear so that a reasonable official would realize that what he is doing violates that right. *Shields v. Burge*, 874 F.2d 1201, 1205 (7th Cir. 1989).

It is plaintiff's burden to demonstrate that the Constitutional right allegedly violated was clearly established "before the defendants acted or failed to act." *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). Plaintiff is unable to sustain that burden given the facts that he sets forth in his Complaint. Therefore, Counts VII and VIII should be dismissed.

**Count IX: §1983 claim against Cook County should be dismissed**

Plaintiff makes no allegations of Constitutional deprivation against Cook County or any individual employed by Cook County in an official capacity and therefore, Count IX should be dismissed. There is no dispute that once served, Cook County would be a proper defendant in this case pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

## CONCLUSION

For the reason stated herein, Counts I through IX of plaintiff's Complaint should be dismissed.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: *[signature]*
Maureen Feerick
Gregory Vaci
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5471